# STATE OF FLORIDA v DE ARMAS
## Case No. 90-036-AC
Eleventh Judicial Circuit, Dade County
January 23, 1991

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Jacqueline M. Valdespino,** Assistant Attorney General, for appellant.

**Bennett H. Brummer,** Public Defender, and **Robert Kalter,** Assistant Public Defender, for appellee.

Before GREENBAUM, SALMON, GOLDMAN, JJ.

### OPINION OF THE COURT

PER CURIAM.

In the instant case the police officer testified that he knew that the defendant's license was suspended for five years as a result of his having arrested the defendant on that very charge only three to four weeks earlier. Pursuant to Florida law, a habitual offender cannot get his drivers license restored, on a restricted basis, until a year after the

suspension. Fla. Stat. § 322.27(5) (1989). Therefore, the police officer had a well founded suspicion that the defendant was committing a crime at the time he stopped him.

It is well settled that, in order to justify a stop a police officer must have a founded suspicion that the person has committed, is committing, or is about to commit a crime. Fla. Stat. § 901.151 (1981). "Circumstances can 'reasonably indicate' that a person 'has committed, is committing, or is about to commit' a violation of criminal laws or ordinances without necessarily indicating that high probability of guilt which is implied by the term 'probable cause'." *State v Stevens,* 354 So.2d 1244, 1247 (Fla. 4th DCA 1978). The existence of a "founded suspicion" is determined by an evaluation of the factual circumstances observed by the officer, in light of the officer's knowledge. *Id.*

Furthermore, the trial court's reasoning that there is a less intrusive way, i.e., running a computer check, of obtaining the information is unsupported by the record. Officer Siegler's uncontroverted testimony established that he could not run a computer check without the defendant's birthdate, which he did not know.

The trial court's reasoning for granting the motion to suppress is not supported by the record.

Having found that the order granting the motion to suppress is in error, we reverse and remand for further proceedings.